1

2

3            **UNITED STATES DISTRICT COURT**

4              **DISTRICT OF NEVADA**

5

6    United States of America,                     2:16-cr-00153-JAD-CWH

7          Plaintiff                           **Order Re: United States'**
                                                     **Motion in Limine**
8    v.

9    James Lescinsky,                                  [ECF No. 13]

10         Defendant

11

12          Defendant James Lescinsky stands charged with deprivation of rights under color of law,

13   tampering with a witness, and falsification of a document, all arising out of incidents that allegedly

14   occurred while Lescinsky was a Clark County School District (CCSD) Police Officer.  The United

15   States moves in limine to prevent the defendant from (1) referencing potential punishment, (2)

16   offering improper impeachment evidence, (3) referencing the government's failure to call equally

17   available witnesses, and (4) introducing "irrelevant evidence" about unrelated misconduct by a

18   CCSD Internal Affairs Detective who participated in the investigation of the incidents that give rise

19   to this case.[1]  Lescinsky does not oppose the request to exclude the first three categories of

20   evidence, but he argues that the detective's misconduct is relevant and should not be excluded.[2]  I

21   grant the motion as to potential punishment, impeachment evidence, and the government's failure to

22   call equally available witnesses.  But I deny the motion as to the detective without prejudice to the

23   government's ability to raise these arguments at trial when I have a better understanding of the

24   nature of this evidence and its relevance in the context of trial.

25

26   ───────────────

27   [1] ECF No. 13.

28   [2] ECF No. 16.

1

**Discussion**

2    The Federal Rules of Evidence do not explicitly authorize motions in limine, but under the

3 district courts' trial-management authority, judges can rule on pretrial evidentiary motions.[3]  Limine

4 rulings are provisional; they are "not binding on the trial judge [who] may always change [her] mind

5 during the course of a trial."[4]  Denying a motion in limine does not guarantee that all evidence raised

6 in the motion will be admissible at trial;[5] it "merely means that without the context of trial, the court

7 is unable to determine whether the evidence in question should be excluded."[6]

8 **A.      The unopposed requests are granted.**

9    The government moves to preclude Lescinsky from referencing the punishment he

10 potentially faces, offering improper impeachment evidence, and impugning the government's

11 decision to not call certain witnesses.[7]  Because Lescinsky does not object to these requests, I grant

12 the motion on each of these points.

13 **B.      The request related to the CCSD detective is denied.**

14    The government also moves to preclude Lescinsky from introducing evidence that CCSD

15 Internal Affairs Detective Christopher Klemp threatened witnesses and suppressed evidence in order

16 to influence his investigations, including his investigation into Lescinsky.  The allegations against

17 Detective Klemp are too vague and unsubstantiated for me to determine the nature of this evidence

18 and its relevance in this trial.  Neither the government nor Lescinsky point to specific evidence or

19 witnesses that Detective Klemp improperly influenced in this case.  They merely argue about the

20

21

[3] *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984).

22

23 [4] *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in-limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated

24 manner).

25 [5] *Tracey v. A. Family Mut. Ins. Co.*, No. 2:09-cv-1257-GMN-PAL, 2010 WL 3724896, at *2 (D. Nev. Sept. 17, 2010) (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio

26 2004)).

27 [6] *Id.* (citation and internal quotation marks omitted).

28 [7] *See* ECF No. 13 at 3–5.

1  relevance or irrelevance of allegations made in a local newspaper article.  As a result, there is no
2  evidence for me to exclude, and Detective Klemp's misconduct—and its relevance in this trial— is,
3  at this stage, purely speculative.  For this reason, I deny the motion without prejudice to the
4  government's ability to raise objections to specific evidence at trial, when I can better assess the
5  FRE 401–403 ramifications of these issues.

6  **Conclusion**

7      Accordingly, IT IS HEREBY ORDERED that the United States' **motion in limine [ECF**
8  **No. 13] is granted in part and denied in part without prejudice to object at trial**.  Lescinsky is
9  precluded from (1) referencing the potential punishment he faces, (2) introducing improper
10  impeachment evidence regarding arrests and school disciplinary records, and (3) referencing the
11  United States' decision to not subpoena certain witnesses.  The United States' request to exclude
12  evidence related to Detective Klemp is denied without prejudice to the government's ability to
13  challenge this evidence at trial when the court can better evaluate its nature and relevance.

14      Dated this 14th day of July, 2016

15
16      _____
        Jennifer A. Dorsey
        United States District Judge
17
18
19
20
21
22
23
24
25
26
27
28