VANITA GUPTA
Principal Deputy Assistant Attorney General
Civil Rights Division
ADAM D. HARRIS
DANA MULHAUSER
Trial Attorneys
601 D Street NW, 5th Floor
Washington, D.C. 20530
202-305-0007

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:16-CR-153-JAD-CWH |
| JAMES LESCINSKY, | ) **GOVERNMENT'S PROPOSED** ) **JURY INSTRUCTIONS OR** ) **INSTRUCTIONS FOR THE TRIER OF** ) **FACT** |
| Defendant. | ) |

**COURT'S STOCK INSTRUCTIONS; INSTRUCTIONS FROM
NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, 2010 EDITION;
AND PROPOSED SPECIAL INSTRUCTIONS**

Pursuant to the Court's Order, the Government respectfully submits to the Court and requests the Court to include in its charge to the jury the following instructions, which include several general and special instructions from the Ninth Circuit Manual of Model Jury Instructions, 2010 Edition, and other special instructions requested by the Government. The source of each such instruction is reflected on the same.

Should the Court grant the Defendant's Waiver of Right to Trial by Jury (Dkt. No. 23), we ask the Court to adopt instructions 2 through 27 as the controlling law for the trier of fact.

1

## INDEX

2

1.  Opening Charge

3

2.  Charge against Defendant not Evidence – Presumption of Innocence – Burden of Proof

4

3.  Verdict as to Accused and the Offense Charged Only

5

4.  4(a). Defendant's Decision Not to Testify / 4(b). Defendant's Decision to Testify

6

5.  Reasonable Doubt–Evidence in the Case–Direct and Circumstantial Evidence

7

6.  What Is Not Evidence

8

7.  Credibility of Witnesses

9

8.  Indictment: "And" Means "Or"

10

9.  The Indictment

11

10. The Statute Defining the Offense Charged - 18 U.S.C. § 242

12

11. Elements of 18 U.S.C. § 242 (Deprivation of Rights)

13

12. Deprivation of Rights – Element One

14

13. Deprivation of Rights – Element Two

15

14. Count 1, Element Two – Deprivation of the Right to Due Process

16

15. Count 2, Element Two – Deprivation of the Right to Be Free From Unlawful Seizure

17

16.  Deprivation of Rights – Element Two

18

17. Limiting Instruction:  Policies and Training

19

18. Counts One and Two, Element Four – Bodily Injury and Use of a Dangerous Weapon

20

19. The Statute Defining The Offense – Charged – 18 U.S.C. § 1512(b)(3) (Tampering With a Witness)

21

20. Tampering With a Witness – Element One:  Knowingly

22

21. Tampering With a Witness – Element Two (a):  Intent to Hinder, Delay, or Prevent

23

22. Tampering With a Witness – Element Two (b):  Reasonable Likelihood of Communication of Information to Federal Law Enforcement

24

23. Tampering with a Witness – Element Three:  Commission or Possible Commission of a Federal Offense

24. The Statute Defining the Offense Charged – 18 U.S.C. § 1519 (Falsifying a Record)

25. Falsifying a Record – Element One:  False Entry in Record or Documents

26. Falsifying a Record – Element Two:  Intent to Impede an Investigation

27. "On or About" Defined

28. Duty to Deliberate

29. Consideration of Evidence

30. Use of Notes

31. Jury Consideration of Punishment

32. Communication with Court

33. Verdict Form

## PROPOSED JURY INSTRUCTION NO. 1:
### OPENING CHARGE

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies in this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

1
2

**PROPOSED JURY INSTRUCTION NO. 2:**
**CHARGE AGAINST THE DEFENDANT NOT EVIDENCE**
**PRESUMPTION OF INNOCENCE – BURDEN OF PROOF**

3
4

     The Indictment is not evidence.  The Defendant has pleaded not guilty to the charge.  The

5

Defendant is presumed to be innocent unless and until the Government proves the Defendant guilty

6

beyond a reasonable doubt.  In addition, the Defendant does not have to testify or present any

7

evidence to prove innocence.  The Government has the burden of proving every element of the

8

charge beyond a reasonable doubt.

9
10
11
12
13
14
15
16
17
18
19
20
21
22

Authority:

23

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.1 (2010 Edition)

24

1
2

**PROPOSED JURY INSTRUCTION NO.  3:**
**VERDICT AS TO ACCUSED AND THE**
**OFFENSE CHARGED ONLY**

3          You are here only to determine whether the Defendant is guilty or not guilty of the charge in

4   the Indictment.   Your determination must be made only from the evidence in the case.   The

5   Defendant is not on trial for any conduct or offense not charged in the Indictment.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23   Authority:

24   Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.2 (2010 Edition)

1
2

**<u>PROPOSED JURY INSTRUCTION NO.  4(a):</u>**
**<u>DEFENDANT'S DECISION NOT TO TESTIFY</u>**

3

       A defendant in a criminal case has a constitutional right not to testify.  You may not draw

4

any inference of any kind from the fact that the Defendant did not testify.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

<u>Authority:</u>

24

<u>Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.10 (2010 Edition)</u>

1
2

### PROPOSED JURY INSTRUCTION NO. 4(b): DEFENDANT'S DECISION TO TESTIFY

3
4

The Defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

Authority:

23

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.3 (2010 Edition)

24

**PROPOSED JURY INSTRUCTION NO. 5:**
**REASONABLE DOUBT – EVIDENCE IN THE CASE – DIRECT AND**
**CIRCUMSTANTIAL EVIDENCE**

I have told you that the Government must prove the Defendant's guilt beyond a reasonable doubt. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the Defendant is guilty. It is not required that the Government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant guilty.

The evidence you are to consider consists of: (1) the sworn testimony of any witness, both on direct and cross-examination, regardless of who called the witnesses; (2) the exhibits received in evidence; and (3) any facts to which all the parties have agreed.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, proof of one or more facts from which you can find another fact. You are to consider both kinds of evidence. The law makes no distinction between the weight to be given either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Authority:

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.3 (2010 Edition)

9

### PROPOSED JURY INSTRUCTION NO. 6:
### WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.    Questions, statements, objections, and arguments by lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements and what they will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.    Anything you may have seen or heard when the Court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Authority:

Ninth Circuit Manual of Model Jury Instructions, Criminal, §§ 3.5, 3.6, 3.8 (2010 Ed.) (Modified)

**PROPOSED JURY INSTRUCTION NO. 7:**
**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Authority:

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.7 (2010 Edition)

1
2

## PROPOSED JURY INSTRUCTION NO. 8:
## INDICTMENT:  "AND" MEANS "OR"

3

You will notice that, from time to time, the indictment alleges that the Defendant violated a

4

statute by committing various acts, and these acts are joined in the indictment by the word "and."  It

5

is sufficient for guilt if the evidence establishes beyond a reasonable doubt the Defendant violated

6

the statute by committing <u>any one of</u> the acts charged.  In other words, when reading the Indictment,

7

you should keep in mind that "and" means "or."

8

9

10

11

12

13

<u>Authority</u>:

14

15

<u>Griffin v. United States</u>, 502 U.S. 46, 50-51 (1991) (reviewing case law from the United States as
well as English common law and noting that it is a longstanding "practice for prosecutors to charge

16

conjunctively, in one count, the various means of committing a statutory offense, in order to avoid
the pitfalls of duplicitous pleading.").

17

18

19

20

21

22

23

24

### PROPOSED JURY INSTRUCTION NO. 9:
### THE INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT ONE
**(Deprivation of Rights Under Color of Law)**

On or about May 21, 2015, in the State and Federal District of Nevada,

### JAMES LESCINSKY,

while acting under color of law as an officer for the Clark County School District Police Department, struck T.R. with a baton, acting with deliberate indifference to a substantial risk that T.R. would be physically harmed, and thereby willfully deprived T.R., a private citizen, of the right secured and protected by the Constitution and laws of the United States not to be deprived of liberty without due process of law. This offense resulted in bodily injury to T.R. and involved the use and attempted use of a dangerous weapon.

All in violation of Title 18, United States Code, Section 242.

### COUNT TWO
**(Deprivation of Rights Under Color of Law)**

On or about May 21, 2015, in the State and Federal District of Nevada,

### JAMES LESCINSKY,

while acting under color of law as an officer for the Clark County School District Police Department, struck A.N. with a baton and slammed her into a hallway wall and onto the floor, and thereby willfully deprived A.N., a private citizen, of the right secured and protected by the by the Constitution and laws of the United States to be free from unreasonable seizure, which includes the right to be free from unreasonable force. This offense resulted in bodily injury to A.N. and involved the use and attempted use of a dangerous weapon.

All in violation of Title 18, United States Code, Section 242.

**COUNT THREE**
**(Tampering With a Witness)**

On or about May 21, 2015, in the State and Federal District of Nevada,

**JAMES LESCINSKY**

did knowingly corruptly persuade R.V., and attempt to do so, with the intent to hinder, delay, and prevent the communication to a federal law enforcement officer of information relating to the commission or possible commission of a federal offense. Specifically, after assaulting T.R. and A.N., Lescinsky falsely told R.V. that the assault occurred because T.R. and A.N. were wrestling with each other, and that A.N. was being combative.

All in violation of Title 18 United States Code, Section 1512(b)(3).

**COUNT FOUR**
**(Falsification of a Document)**

On or about May 21, 2015, in the State and Federal District of Nevada,

**JAMES LESCINSKY**,

acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified and made false entries in a document with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, Lescinsky falsified an official incident report by including statements he knew to be false, namely:  1) that A.N. was yelling obscenities before she was struck, 2) that A.N. was aggressive, threatening, and non-compliant, 3) that A.N. and T.R. were wrestling with each other, 4) that he issued two verbal commands to A.N. prior to the baton strike, 5) that he took out his baton only after entering the room, and 6) that he guided A.N. to the wall in the hallway.

All in violation of Title 18 United States Code, Section 1519.

14

1

2

## COUNT FIVE
**(Falsification of a Document)**

3

On or about May 21, 2015, in the State and Federal District of Nevada,

4

**JAMES LESCINSKY**,

5

acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau

6

of Investigation, an agency of the United States, knowingly falsified and made false entries in a

7

document with the intent to impede, obstruct, and influence the investigation and proper

8

administration of that matter. Specifically, Lescinsky falsified an official use of force report by

9

including statements he knew to be false, namely:  1) that A.N. was aggressive, threatening, and

10

non-compliant, 2) that A.N. and T.R. were wrestling with each other, 4) that he issued multiple

11

verbal commands to A.N. prior to the baton strike, 5) that he took out his baton only after entering

12

the room, and 6) that he guided A.N. to the wall in the hallway.

13

All in violation of Title 18 United States Code, Section 1519.

14

15

16

17

18

19

20

21

22

Authority:

23

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 3.9 (2010 Edition).

24

**PROPOSED JURY INSTRUCTION NO. 10:**
**THE STATUTE DEFINING THE OFFENSE CHARGED - 18 U.S.C. § 242**

Counts 1 and 2 of the Indictment, which I have just read to you, are brought under Section

242 of Title 18 of the United States Code.  This statute states, in relevant part:

> Whoever, under color of any law . . . willfully subjects any person in any State . . . to
> the deprivation of any rights, privileges, or immunities secured or protected by the
> Constitution or laws of the United States . . .

Shall be guilty of an offense against the United States.

Authority:

18 U.S.C. § 242

16

### PROPOSED JURY INSTRUCTION NO.  11:
### ELEMENTS OF 18 U.S.C. § 242 (DEPRIVATION OF RIGHTS)

For you to find the Defendant guilty of the crime charged in Counts 1 and 2 of the Indictment, you must find that the government has proven each of the following four elements beyond a reasonable doubt with respect to the Defendant:

| | |
|---|---|
| <u>Element One</u>: | That the defendant acted under color of law; |
| <u>Element Two</u>: | That the defendant deprived someone in the United States of a right secured or protected by the Constitution or laws of the United States; |
| <u>Element Three</u>: | That the defendant acted willfully; and |
| <u>Element Four</u>: | That the offense resulted in bodily injury or involved the use, attempted use, or threatened use of a dangerous weapon. |

If you are convinced beyond a reasonable doubt that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

<u>Authority</u>:

18 U.S.C. § 242

Pattern Criminal Jury Instructions, Fifth Circuit, § 2.18 (Deprivation of Civil Rights) (2012) (modified).

Federal Criminal Jury Instructions, Seventh Circuit, § 242[1] (Deprivation of Rights Under Color of Law –Elements) (1999) (modified).

Pattern Criminal Jury Instructions, Tenth Circuit, § 2.17 (Deprivation of Civil Rights) (2011) (modified).

Pattern Criminal Jury Instructions, Eleventh Circuit, § OI 8 (Deprivation of Civil Rights (Without Bodily Injury, Kidnapping, Sexual Assault or Death)) (2010) (modified).

2 Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, Federal Jury Practice and Instructions, § 29.03 (The essential elements of the offense charged) (6th ed. 2008 and 2013 updates) (modified).

<u>Supreme Court</u>

<u>United States v. Lanier</u>, 520 U.S. 259, 264 (1997) ("Section 242 is a Reconstruction Era civil rights statute making it criminal to act (1) willfully and (2) under color of law (3) to deprive a person of rights protected by the Constitution or laws of the United States.") (internal quotations and citation omitted).

17

Ninth Circuit

United States v. Gonzalez, 533 F.3d 1057, 1064 (9th Cir. 2008) (discussing elements of § 242 in case involving deprivation of the right to fundamental bodily integrity).

United States v. Reese, 2 F.3d 870, 880 (9th Cir. 1993) (section 242 penalizes a defendant "for acting 'willfully' 'under color of any law' to 'subject' another 'to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.'") (quoting 18 U.S.C. § 242).

Other Circuits

United States v. Moore, 708 F.3d 639, 645 (5th Cir. 2013) ("To prove a violation of Section 242, the government must prove beyond a reasonable doubt that the defendant:  (1) willfully; (2) deprived another of a federal right; (3) under color of law. If the violation results in bodily injury, or involves the use of a deadly weapon, it is punishable by up to ten years of imprisonment. If the violation results in death, it is punishable by imprisonment for any term of years or for life.") (internal quotations and citation omitted).

United States v. House, 684 F.3d 1173, 1198 (11th Cir. 2012) ("To prove a violation of section 242, the government had to present evidence that House acted (1) willfully and (2) under color of law (3) to deprive a person of rights protected by the Constitution or laws of the United States.") (internal quotations and citations omitted).

## PROSPOSED JURY INSTRUCTION NO. 12:
## DEPRIVATION OF RIGHTS--ELEMENT ONE

The first element the Government must prove is that the Defendant acted under color of law. A person acts under color of law if he is an official or employee of a federal, state, or local government and he uses or abuses power he possesses because of his official position. A government official, such as a police officer, acts "under color of law" if he is performing his official duties, or pretending to perform those official duties, even if he misuses or abuses his official authority by doing something the law forbids.

If you find that the Defendant was an officer of the Clark County School District Police Department, and that he was acting, pretending to act, or giving the appearance of acting as an an officer of the Clark County School District Police Department, then you may find that he was acting under color of law.

Authority:

Pattern Criminal Jury Instructions, Fifth Circuit, § 2.18 (Deprivation of Civil Rights) (2012) ("Acting 'under color of law' means acts done under any state law, county or city ordinance, or other governmental regulation, and acts done according to a custom of some governmental agency. It means that the defendant acted in his official capacity or else claimed to do so, but abused or misused his power by going beyond the bounds of lawful authority.").

Federal Criminal Jury Instructions, Seventh Circuit, § 242[3] (Definition of Color of Law) (1999) ("Acts are performed under color of law when the defendant acts in his/her official capacity or purports or claims to act in his/her official capacity. The act of the defendant must consist of the abuse or misuse of the power possessed by the defendant by virtue of his/her office.").

Pattern Criminal Jury Instructions, Tenth Circuit, § 2.17 (Deprivation of Civil Rights) (2011) ("'Under color of law' means acts done under any state law, county or city ordinance, or other governmental regulation, and includes acts done according to a custom of some governmental agency. It means that the defendant acted in his official capacity or else claimed to do so, but abused or misused his power by going beyond the bounds of lawful authority.").

Pattern Criminal Jury Instructions, Eleventh Circuit, § OI 8 (Deprivation of Civil Rights (Without Bodily Injury, Kidnapping, Sexual Assault or Death)) (2010) ("To act 'under color of state law' means to exceed or abuse lawful authority while claiming or pretending to perform an official duty.

An unlawful act under color of state law occurs when a person has power only because that person is an official, and that person does acts that are a misuse or abuse of that power.").

2 Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, *Federal Jury Practice and Instructions*, § 29.04 ("Under Color of Law -- Defined) (6th ed. 2008 and 2013 updates).

Supreme Court

West v. Atkins, 487 U.S. 42, 49-50 (1988) ("It is firmly established that a defendant . . . acts under color of state law when he abuses the position given to him by the State.  Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.").

Griffin v. Maryland, 378 U.S. 130, 135 (1964) ("If an individual is possessed of state authority and purports to act under that authority, his action is state action. It is irrelevant that . . . the particular action which he took was not authorized by state law.").

Monroe v. Pape, 365 U.S. 167, 183-87 (1961) (holding "under color of state law" includes misuse of power possessed by virtue of state law).

 Williams v. United States, 341 U.S. 97, 99-100 (1951*)* (holding that misuse of lawful authority can constitute action taken under color of law).

Screws v. United States, 325 U.S. 91, 111 (1945) ("It is clear that under 'color' of law means under 'pretense' of law . . . . Acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it.").

United States v. Classic, 313 U.S. 299, 326 (1941) ("Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law.").

Ninth Circuit

Paeste v. Gov't of Guam, 798 F.3d 1228, 1238 (9th Cir. 2015) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.").

Florer v. Congregation Pidyon Shevuyim, 639 F.3d 916, 922 (9th Cir. 2011) ("The Supreme Court has explained that the traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made

20

possible only because the wrongdoer is clothed with the authority of state law.") (internal quotations and citation omitted).

Anderson v. Warner, 451 F.3d 1063, 1068 (9th Cir. 2006) ("State employment is generally sufficient to render the defendant a state actor, but whether an officer is acting under color of state law turns on the nature and circumstances of the officer's conduct and the relationship of that conduct to the performance of his official duties. Misuse of power, possessed by virtue of state law and possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under the color' of state law.  It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State.") (internal quotations, citations, and alterations omitted).

Other Circuits

United States v. House, 684 F.3d 1173, 1200 (11th Cir. 2012) ("An act is effected 'under color of law' for purposes of section 242 if it is effected by a law enforcement officer acting under pretense of law.  Acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it.") (internal citations and quotations omitted).

**PROPOSED JURY INSTRUCTION NO.  13:**
**DEPRIVATION OF RIGHTS--ELEMENT TWO**

The second element the Government must prove with respect to the Defendant is that that he deprived a person present in the United States of a right secured or protected by the Constitution or laws of the United States.

Count 1 and Count 2 of the Indictment are different from each other with respect to this element, in that they allege that the Defendant deprived different victims of different constitutional rights. Count 1 alleges that the Defendant deprived victim T.R. of her right under the Fourteenth Amendment of the United States Constitution not to be deprived of liberty without due process of law.  Count 2 alleges that the Defendant deprived victim T.R. of her right under the Fourth Amendment of the United States Constitution to be free from unreasonable seizures. I will now explain to you the law that governs each of these constitutional rights.

**PROPOSED JURY INSTRUCTION NO. 14:**
**COUNT 1, ELEMENT TWO--DEPRIVATION OF THE RIGHT TO DUE PROCESS**

Count 1 alleges that the Defendant deprived victim T.R. of her right under the Fourteenth Amendment of the United States Constitution not to be deprived of liberty without due process of law. which includes the right to be free from the use of unreasonable physical force by a law enforcement officer.

Not every use of force by a law enforcement officer is unconstitutional.  The conduct must be egregious and outrageous enough to shock the conscience. One way that counduct may shock the conscience in violation of the Fourteenth Amendment is if the officer acts with deliberate indifference to a substantial risk of serious harm.  In order to prove that the Defendant's alleged assault on T.R. constituted deliberate indifference, the Government must prove that the Defendant knew of and disregarded a substantial risk to T.R.

Mere negligence or indifference does not constitute deliberate indifference. However, you need not find that the Defendant had an express intent to harm T.R., so long as you find he was aware of, and disregarded, a serious risk to her safety. If the risk of harm would have been obvious to a similarly situated officer, then you may infer that the Defendant was subjectively aware of the risk.

In order for the Defendant's conduct to be deliberately indifferent, he had to have had the opportunity to deliberate before acting. If actual deliberation was not practical, the Defendant's conduct does rise to the level of deliberate indifference. On the other hand, if the situation did not present a need for immediate action, you may consider whether the Defendant's actions constituted a deliberate indifference to a substantial risk of serious harm.

Authority:
General

Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015) (rejecting any claim that, to prove a constitutional violation, there must be a showing that the defendant acted maliciously or sadistically or even "recklessly" and holding, instead, that "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable.").

Federal Civil Jury Instructions, Seventh Circuit, §§ 7.08 and 7.09 (elements of a civil excessive force claim) (cited with approval in *Kingsley*, 135 S. Ct. at 2471 and 2474 (2015)

Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003) (defining the standard under the Fourteenth Amendment as "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.")

Reasonableness

Scott v. Harris, 550 U.S. 372, 383 (2007) ("Whether or not [the officer's] actions constituted application of 'deadly force,' all that matters is whether [the officer's] actions were reasonable.").

Saucier v. Katz, 533 U.S. 194, 202 (2001) ("[A] use of force is contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness.").

Whren v. United States, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis.").

Deliberate Indifference

Hope v. Pelzer, 536 U.S. 730, 744 (2002) (defining deliberate indifference)

West v. Waymire, 114 F.3d 646, 651 (7th Cir.) (defining deliberate indifference under the Fourteenth Amendment as the "conscious disregard of known or obvious dangers")

County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (key question in Fourteenth Amendment deliberate indifference case is whether "actual deliberation is practical")

Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 372 (9th Cir. 1998) (same).

Ewolski v. City of Brunswick, 287 F.3d 492, 511 (6th Cir. 2002) (applying deliberate indifference standard under the Fourteenth Amendment where "[t]he police were never forced to make a hasty decision to use force in order to prevent [victim's] escape into the community [and] [a]lthough [he] did pose a danger to his family . . . the danger was not immediate as long as [he] was not provoked")

Farmer v. Brennan, 511 U.S. 825, 839 (1994) (holding under the Eighth Amendment that deliberate indifference occurs when an officer "consciously disregar[ds] a substantial risk of serious harm" and

24

1

2

that "a factfinder may conclude that [an officer] knew of a substantial risk from the very fact that the risk was obvious.")

3

4

<u>City of Revere v. Mass General Hospital</u>, 463 U.S. 239, 243-44 (1983) (Eighth Amendment's proscription of cruel and unusual punishment violated by deliberate indifference to serious medical needs of prisoners).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**PROPOSED JURY INSTRUCTION NO. 15:**
**COUNT 2, ELEMENT TWO--DEPRIVATION OF THE RIGHT TO BE FREE FROM UNLAWFUL SEIZURE**

Count 2 alleges that the Defendant deprived victim T.R. of her right under the Fourth Amendment of the United States Constitution to be free from unreasonable seizures. The United States Constitution guarantees everyone in this country the right to be free from unreasonable seizure by a law enforcement officer, which includes the right to be free from the use of unreasonable physical force during the course of an arrest, detention, or other stop made by a law enforcement officer.

An officer's use of force violates the Fourth Amendment if it is excessive under objective standards of reasonableness. Although a law enforcement officer may use force if there is an objective basis to do so, he may not use more force than is reasonably necessary under the circumstances. For example, a law enforcement officer may use force to effectuate an arrest, prevent a suspect from escaping from custody, or to defend himself or another from bodily harm. However, the law enforcement officer may not use more force than is reasonably necessary to accomplish these objectives.

An officer may not use force solely to punish, retaliate against, or seek retribution against another person. An officer may not use force merely because an arrestee questions an officer's authority, insults the officer, uses profanity, or otherwise engages in verbal provocation -- unless the force is otherwise objectively reasonable at the time it is used.

In determining whether the force used was reasonable under all the facts and circumstances, keep in mind that force that is objectively reasonable at the beginning of an encounter may not be justified -- even seconds later -- if the objective justification for the initial use of force has been eliminated.

If you determine that the Defendant used physical force against A.N., you must then decide whether that force was reasonable.  You should make this determination considering all the facts and circumstances from the point of view of an ordinary and reasonable officer on the scene.  In making your determination, you may consider the severity of the crime, if any, committed by A.N.; the extent, if any, to which A.N. posed a threat to the safety of the Defendant or to any other person; and the extent, if any, to which A.N. was physically resisting arrest or attempting to flee at the time force was used.  If, after considering all the circumstances, you find that the Defendant used unreasonable force against A.N., then you may find that the second element is satisfied.

Authority:

Supreme Court

Scott v. Harris, 550 U.S. 372, 383 (2007) ("Whether or not [the officer's] actions constituted application of 'deadly force,' all that matters is whether [the officer's] actions were reasonable.").

Saucier v. Katz, 533 U.S. 194, 202 (2001) ("[A] use of force is contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness.").

Graham v. Connor, 490 U.S. 386, 394, 396-97 (1989) (Holding that the Fourth Amendment governs an arrestee's excessive force claims and stating that the "test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.") (internal quotations and citation omitted).

Ninth Circuit

Davis v. City of Las Vegas, 478 F.3d 1048, 1053-54 (9rh Cir. 2007) ("A Fourth Amendment claim of excessive force is analyzed under the framework outlined by the Supreme Court in Graham v. Connor,  Under Graham, all claims that law enforcement officers have used excessive force— deadly or not—in the course of an arrest, investigatory stop, or other seizure should be analyzed under the Fourth Amendment and its reasonableness standard. This analysis requires balancing the nature and quality of the intrusion on a person's liberty with the countervailing governmental interests at stake to determine whether the force used was objectively reasonable.") (Internal quotations, citations, and alterations omitted).

Smith v. City of Hemet,  394 F.3d 689, 700-01 (9th Cir. 2005)(en banc) ("All claims that law enforcement officers have used excessive force—deadly or otherwise—in the course of an arrest must be analyzed under the Fourth Amendment and its reasonableness standard. It is clear that under *Graham,* excessive force claims arising before or during arrest are to be analyzed exclusively under the Fourth Amendment's reasonableness standard.") (internal quotations, citations, and alterations omitted).

General: Other Circuits

United States v. Brugman, 364 F.3d 613, 616 (5th Cir. 2004) ("The Fourth Amendment's protection against unreasonable search and seizures requires that officers refrain from using excessive force, that is, more force than is reasonably necessary, when effectuating an arrest").

Objective Standard

Whren v. United States, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis.").

Smith v. City of Hemet, 394 F.3d 689, 701 (9th Cir. 2005) (en banc) ("the reasonableness inquiry in an excessive force case is an objective one:  The question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them.") (internal quotations, citations, and alterations omitted).

Factors to Consider

Graham v. Connor, 490 U.S. 386,  396 (1989) (Fourth Amendment analysis requires "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.") (internal quotations and citation omitted).

Smith v. City of Hemet, 394 F.3d 689, 701 (9th Cir. 2005) (en banc) ("the Supreme Court indicated that relevant factors in the Fourth Amendment reasonableness inquiry include [1] the severity of the crime at issue,[2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight. The Court did not, however, limit the inquiry to those factors. Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, the reasonableness of a seizure must instead be assessed by carefully considering the objective facts and circumstances that confronted the arresting officers. In some cases, for example, the availability of alternative methods of capturing or subduing a suspect may be a factor to consider.") (internal quotations, citations, and alterations omitted).

Force that is Initially Reasonable May Become Unreasonable

<u>Meyers v. Baltimore County</u>, *Md.,* 2013 WL 388125, 7 (4th Cir. 2013) ("force justified at the beginning of an encounter is not justified even seconds later if the justification for the initial force has been eliminated.").

<u>Lamont v. New Jersey</u>, 637 F.3d 177, 184 (3d Cir. 2011) ("Even where an officer is initially justified in using force, he may not continue to use such force after it has become evident that the threat justifying the force has vanished.").

<u>Cyrus v. Town of Mukwonago</u>, 624 F.3d 856, 863 (7th Cir. 2010) ("Force is reasonable only when exercised in proportion to the threat posed, and as the threat changes, so too should the degree of force.") (internal citations omitted).

<u>Lytle v. Bexar County, Tex.,</u> 560 F.3d 404, 413 (5th Cir. 2009) (observing that "an exercise of force that is reasonable at one moment can become unreasonable in the next if the justification for the use of force has ceased.").

<u>Jennings v. Jones</u>, 499 F.3d 2, 15 (1st Cir. 2007) (holding that officer used excessive force by increasing force after the plaintiff stopped resisting).

**PROPOSED JURY INSTRUCTION NO. 16:**
**DEPRIVATION OF RIGHTS---ELEMENT THREE**

The third element the Government must prove is that the Defendant acted willfully. A person acts willfully if he acts voluntarily and intentionally, with the specific intent to do something the law forbids. In this case, it means that the Defendant acted with the specific intent to deprive T.R. (in Count 1) or A.N. (in Count 2) of the right to be free of objectively unreasonable force.

Intent is a state of mind, which can often be proven by circumstantial evidence. Ordinarily, a defendant's state of mind cannot be proven directly because no one can read another person's mind and tell what that person is thinking. But a defendant's state of mind can still be proven indirectly from the surrounding circumstances.

In determining whether the Defendant acted willfully, you may consider the manner in which any constitutional violation was carried out, and the duration of any constitutional violation. You may also consider what the Defendant said; what the Defendant did or failed to do; how the Defendant acted, and whether the Defendant knew he was violating laws and policy of the state or the Clark County School District Police Department. You may also consider any other facts or circumstances you deem relevant to shed light on what was in the Defendant's mind.

You may infer, but you are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received at trial.

It is not necessary to prove that a defendant was thinking in constitutional terms at the time of his alleged acts. Because reckless disregard of a person's constitutional rights is evidence of specific intent to deprive that person of those rights, you may find that a defendant acted with the required specific intent even if you find that he had no real familiarity with the Constitution or with

the particular constitutional right involved.  You must, however, find that the Defendant intended to do what the Constitution forbids.

It is not a defense that the Defendant may also have been motivated by fear, anger, or some other emotion, provided that the intent that I have described to you was present.  You may, however, consider such motivations -- as well as any malice displayed by the Defendant -- in determining whether the Defendant acted willfully, as I have described that term to you.


Authority:

**General:  Supreme Court**


Williams v. United States, 341 U.S. 97, 102 n.1 (1951) (reciting, with approval, trial court's instructions that the jury was "entitled to consider all the attendant circumstances:  the malice, if any, of the defendants toward these men; the weapon used in the assault, if any; and the character and duration of the investigation, if any, of the assault, if any, and the time and manner in which it was carried out. All these facts and circumstances may be taken into consideration from the evidence that has been submitted for the purpose of determining whether the acts of the defendants were willful and for the deliberate and willful purpose of depriving these men of their Constitutional rights to be tried by a jury just like everyone else.")

Screws v. United States, 325 U.S. 91, 106 (1945) ("The fact that the defendants may not have been thinking in constitutional terms is not material where their aim was not to enforce local law but to deprive a citizen of a right and that right was protected by the Constitution.  When they so act they at least act in reckless disregard of constitutional prohibitions or guarantees.").

**General:  Ninth Circuit**

United States v. Reese, 2 F.3d 870, 885 (9th Cir. 1993) ("The court charged the jury that to be convicted under section 242, 'a defendant must have acted willfully. I instruct you that an act is done willfully if it is done voluntarily and intentionally and with a specific intent to do something the law forbids, that is, with the intent to violate a specific protected right.' This is an accurate statement of the law as set forth in Screws.").

**Factors to Consider in Determining Willfulness**

Williams v. United States, 341 U.S. 97, 102 & n.1 (1951) (reciting, with approval, trial court's instructions that in determining willfulness the jury was "entitled to consider all the attendant circumstances:  the malice, if any, of the defendants toward these men; the weapon used in the

assault, if any; and the character and duration of the investigation, if any, of the assault, if any, and the time and manner in which it was carried out. All these facts and circumstances may be taken into consideration from the evidence that has been submitted for the purpose of determining whether the acts of the defendants were willful and for the deliberate and willful purpose of depriving these men of their Constitutional rights . . . .").

United States v. Reese, 2 F.3d 870, 881 (9th Cir. 1993) ("intentionally wrongful conduct, because it contravenes a right definitely established in law, evidences a reckless disregard for that right; such reckless disregard, in turn, is the legal equivalent of willfulness.").

United States v. Cote, 544 F.3d 88, 100 (2d Cir. 2008) ("There is . . . evidence that, after the attack, [the defendant] falsified his incident report and attempted to persuade [another officer] to stick to the story. Such deception supports an inference that [the defendant] knew the force he used was excessive.") (internal citations quotations and alterations omitted).

United States v. Bradley, 196 F.3d 762, 769 (7th Cir. 1999) ("Willfulness may be shown by circumstantial evidence so long as the purpose may "be reasonably inferred from all the circumstances attendant on the act.").

United States v. Marler, 756 F.2d 206, 217 (1st Cir. 1985) ("The requisite intent could be established by all the attendant circumstances—the malice of the defendant, the weapons used in the assault, its character and duration, the provocation, if any, and the like.") (internal quotations, citations, and alterations omitted).

United States v. Harrison, 671 F.2d 1159, 1162 (8th Cir. 1982) (§ 242 case holding that district court was correct in instructing jury that excessiveness of force can evidence intent).

**Permissive Inference and Circumstantial Evidence:**

Francis v. Franklin, 471 U.S. 307, 314-15 (1985) ("A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts. A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion. . . . A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury.").

Sandstrom v. Montana, 442 U.S. 510, 514-15 (1979) (prohibiting mandatory presumptions in jury instructions but allowing permissive inferences).

United States v. Goldtooth, 348 Fed.Appx. 231, 233, 2009 WL 3157772, 1 (9th Cir. 2009) ("Nor did the district court plainly err by instructing the jury it could infer intent to convert from the facts and circumstances attending the act. . . . the instruction here did not isolate any particular piece of evidence or preclude consideration of all the evidence submitted at trial. Rather, it is a classic circumstantial evidence instruction that is relevant and appropriate in a case involving intent.").

United States v. Beltran-Garcia, 179 F.3d 1200, 1203 (9th Cir. 1999) (upholding instruction "you may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of the acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.").

Devitt, Blackmar, Wolff & O'Malley, *Federal Jury Practice and Instructions*, § 17.07 (4th Edition 1992)

**Defendant Need not Think in Constitutional Terms**

Screws v. United States, 325 U.S. 91, 106 (1945) ("The fact that the defendants may not have been thinking in constitutional terms is not material where their aim was not to enforce local law but to deprive a citizen of a right and that right was protected by the Constitution.  When they so act they at least act in reckless disregard of constitutional prohibitions or guarantees.").

United States v. Gwaltney, 790 F.2d 1378, 1386 (9th Cir. 1986) (approving instruction: "[I]t is not necessary for the government to prove the defendant was thinking in constitutional terms at the time of the incident, for a reckless disregard for a person's constitutional rights is evidence of specific intent to deprive that person of those rights.").

2 Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, Federal Jury Practice and Instructions, § 29.05 (6th ed. 2008) (pattern instruction:  "it is not necessary for the government to prove that the defendant knew that this action would actually violate anyone's constitutional rights.").

Federal Criminal Jury Instructions, Seventh Circuit, § 242 (Rights) (1999) (pattern instruction:  "The defendant need not have known that [this; these] right[s] [was; were] secured by the Constitution or the laws of the United States.").

**Other Motivations:**

United States v. Dise, 763 F.2d 586, 591 (3d Cir. 1985) (approving instruction:  "The Government need not prove that the deprivation of the constitutional rights was the predominant purpose of the defendant's actions.").

United States v. Hoffman, 498 F.2d 879, 882 (7th Cir. 1974) (holding that when defendants willfully deprived victims of rights under color of law, it was immaterial that they may have also received personal gratification from the brutality).

Crews v. United States, 160 F.2d 746, 749 (5th Cir. 1947) (holding that § 242 offense was complete "even though the defendant was also actuated by personal anger, hate, malice, and a desire for revenge.").

**PROPOSED JURY INSTRUCTION NO.  17:**
**LIMITING INSTRUCTION:  POLICIES AND TRAINING**

The Clark County School District Police Department's policies and procedures have been introduced into evidence, as has training offered by the department. These are the Clark County School District Police Department's rules governing an officer's use of force.  This evidence has been admitted for a limited purpose.  You may use it only to determine whether the Defendant acted willfully, as I have just described that word to you.

It is, of course, wholly up to you to determine whether the Defendant violated any rule or acted in contravention of his training.  If you find that the Defendant acted in contravention of policies or training, then I caution you that not every instance of inappropriate behavior on the part of a police officer rises to the level of a federal constitutional violation. It is possible for a law enforcement officer to violate department policy or training without violating the United States Constitution, just as it is possible for an officer to violate the Constitution without violating a specific state law or policy.

In other words, if you determine that the Defendant violated any department policy or training, you should consider that evidence only in determining whether he acted willfully and not consider this evidence in determining whether the his actions violated the Constitution in the first instance.


Authority:

Case v. Kitsap County Sheriff's Dept., 249 F.3d 921, 929 (9th Cir. 2001) ("Whether the deputies violated a state law or an internal departmental policy is not the focus of our inquiry.").

United States v. Tyler, 124 Fed.Appx. 124, 128-129, 2005 WL 488709, *4 (3d Cir. 2005) (rejecting defendant's argument, in support of severance, that he was prejudiced by admission of evidence that co-defendants did not follow prison policies and procedures relating to beating of an inmate).

United States v. Perkins, 470 F.3d 150, 159 (4th Cir. 2006) (admitting law enforcement officer's opinions that they personally saw no reason for defendant officer's use of force as evidence that force was unreasonable).

United States v. Simmons, 470 F.3d 1115, 1125 (5th Cir. 2006) (upholding admission of evidence that defendant police officer, who had raped woman after traffic stop, had failed to follow proper department procedure in logging in evidence relating to underlying stop and emphasizing relevance of evidence to consciousness of guilt).

United States v. Brown, 250 F.3d 580, 586 (7th Cir. 2001) (affirming conviction and relying on defendant's failure to file a report as per police department policy, as proof of defendant's specific intent).

United States v. Rodella, 2015 WL 6735896, at *17 (10th Cir. Nov. 4, 2015) (upholding admission of evidence of training to show willfulness and noting, with approval, that the district court gave the jury a specific instruction "regarding the training ... Rodella personally received," informing the jury it could use evidence "only to determine whether ... Rodella acted willfully ... to violate a right protected by the Constitution of the United States." ).

United States. v. Myers, 972 F.2d 1566, 1574 (11th Cir. 1992) (holding that, in determining whether a defendant in a Fourth Amendment § 242 excessive force case has acted reasonably, it "is proper to look to the existence of police regulations.").

Tennessee v. Garner, 471 U.S. 1, 15-19 (1985) ("In evaluating the reasonableness of police procedures under the Fourth Amendment, we have also looked to prevailing rules in individual jurisdictions").

1

2

**PROPOSED JURY INSTRUCTION NO. 18:**
**DEPRIVATION OF RIGHTS, ELEMENT FOUR--BODILY INJURY AND USE OF A**
**DANGEROUS WEAPON**

3

4
      Finally, you must decide whether the Government has proved beyond a reasonable doubt that

5
the Defendant's conduct resulted in bodily injury to T.R. (in Count 1) or A.N. (in Count 2) or

6
involved the use or attempted use of a dangerous weapon.

7
      Counts 1 and 2 of the Indictment charge both that the offense resulted in bodily injury to

8
T.R. (in Count 1) or A.N. (in Count 2) *and* that the offense involved the use or attempted use of a

9
dangerous weapon.  However, the Government does not have to prove *both* that the offense resulted

10
in bodily injury and that a dangerous weapon was used.  Proof beyond a reasonable doubt of one of

11
these factors is enough to prove this element.

12
      But, in order to return a guilty verdict, all twelve of you must agree that the same one has

13
been proved.  All of you must agree that the Government proved beyond a reasonable doubt that the

14
offense resulted in bodily injury; or, all of you must agree that the Government proved beyond a

15
reasonable doubt that the offense involved the use of a dangerous weapon.  If all of you unanimously

16
agree that the Government has proven one or both of these factors beyond a reasonable doubt, then

17
this element has been satisfied.

18
      "Bodily injury" includes any injury to the body, including physical pain or a physical injury,

19
such as a cut, abrasion, bruise, fracture, or disfigurement.  The injury need not be significant, severe

20
or permanent.  The Government does not need to prove that a defendant intended to cause bodily

21
injury, or that a defendant's acts were the sole cause of bodily injury

22
      A "dangerous weapon" is any instrument capable of inflicting death or serious bodily injury,

23
including extreme physical pain. You may consider both the physical capabilities of the object and

24

the manner in which the object was used in determining whether the object is a "dangerous

weapon."

A defendant has "used" a dangerous weapon if he or she has actively employed the weapon

in relation to the crime charged. A defendant has "attempted" to use a dangerous weapon if he

intended to use a dangerous weapon and did an act consisting of a substantial step towards using

such a weapon in a manner that demonstrated his intent.

Authority:

**Unanimity Instruction**

*Pattern Criminal Jury Instructions, Fifth Circuit*, § 1.25 *(Unanimity of Theory)* (2012) (modified).

*Pattern Criminal Jury Instructions Tenth Circuit* § 1.24 *(Unanimity of Theory)* (2011) (modified).

**Bodily Injury-Definition**

18 U.S.C. § 242

18 U.S.C. § 831(f)(5) (defining "bodily injury" to mean "(A) a cut, abrasion, bruise, burn, or
disfigurement; (B) physical pain; (C) illness; (D) impairment of a function of a bodily member,
organ or mental faculty; or (E) any other injury to the body, no matter how temporary").

18 U.S.C. § 1365(h)(4) (same).

18 U.S.C. § 1515(a)(5) (same).

18 U.S.C. § 1864 (d)(2) (same).

United States. v. DiSantis, 565 F.3d 354, 362 (7th Cir. 2009) (upholding instruction; noting that
§ 242 does not define bodily injury but noting that jury instructions "track[ed] the language of
several criminal statutes that define bodily injury as "(A) a cut, abrasion, bruise, burn, or
disfigurement; (B) physical pain; (C) illness; (D) impairment of a function of a bodily member,
organ, or mental faculty; or (E) any other injury to the body, no matter how temporary." and that the
"remaining portion of the instruction is similar to the definition of bodily injury provided by the
Sentencing Guidelines.").

United States v. Perkins, 470 F.3d 150, 161 (4th Cir. 2006) ("Although the statute does not define
'bodily injury,' the term is defined identically in four other provisions of Title 18. . . .All of these
provisions define 'bodily injury' as "(A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical
pain; (C) illness; (D) impairment of [a/the] function of a bodily member, organ, or mental faculty; or
(E) any other injury to the body, no matter how temporary.") (internal citation omitted).

United States v. Gonzalez, 436 F.3d 560, 575 (5th Cir. 2006) (adopting, in § 242 case, definition of bodily injury set forth in 18 U.S.C. I 831 (f)(5), 1365(h)(4), 1515(a)(5), & 1864 (d)(2)).

United States v. Bailey, 405 F.3d 102, 111 (1st Cir. 2005) (same).

United States v. Myers, 972 F.2d 1566, 1572 (11th Cir. 1992) (approving following instruction in § 242 prosecution: "You are instructed that bodily injury means any injury to the body, no matter how temporary. Bodily injury also includes physical pain as well as any burn or abrasion.").

**Bodily Injury – Injury need not be Intended**

United States v. Marler, 756 F.2d 206, 215-16 (1st Cir. 1985) (holding in applying "death resulting" enhancement in § 242 that the "district court was correct in charging that Marler could be convicted under section 242 if Brown's death was a proximate result of Marler's conduct "in the sense of being a natural and foreseeable result of that conduct. . .[A] defendant must be proved to have willfully subjected the victim to a deprivation of civil rights. But if so, and death results—whether or not it was intended—the higher penalty applies provided death was a natural and foreseeable result of the improper conduct.").

United States v. Woodlee, 136 F.3d 1399, 1405-6 (10th Cir. 1998) (holding § 245's bodily injury element is a standard of causation, not intent, that is satisfied if injury was a foreseeable result of the defendant's conduct).

United States v. Hayes, 589 F.2d 811, 821 (5th Cir. 1979) ("When the Congress provided that any deprivation of defined rights under color of law resulting in death may be punished by life imprisonment, we must consider it to have been fully cognizant of the principles of legal causation. . . . No matter how you slice it, 'if death results' does not mean 'if death was intended.' To hold otherwise would make a mockery of the statute.").

**Dangerous Weapon**

United States v. Wallace, 800 F.2d 1509, 1512-13 (9th Cir. 1986) ("[A]n instrument that has been designed to produce death or great bodily harm may be held to be an inherently dangerous weapon as a matter of law if the instrument is ready to be used to produce bodily harm or may be quickly adapted to produce bodily harm.").

Model Criminal Jury Instructions, Ninth Circuit, § 8.4 (2010) (defining deadly or dangerous weapon for purposes of 18 U.S.C. § 111) (defining a deadly or dangerous weapon as an object "used in a way that is capable of causing death or serious bodily injury").

United States v. Harris, 293 F.3d 863, 870-71 (5th Cir. 2002) (affirming conviction under 18 U.S.C. § 242 where there was sufficient evidence for jury to conclude that police baton used to strike victim was a "dangerous weapon.").

Ninth Circuit Model Criminal Jury Instruction 5.3 (defining attempt).

**PROPOSED JURY INSTRUCTION NO. 19:**
**THE STATUTE DEFINING THE OFFENSE**
**CHARGED--18 U.S.C. § 1512(b)(3) (TAMPERING WITH A WITNESS)**

The Indictment charges the Defendant with knowingly corruptly persuading another person with intent to hinder, delay, and prevent the communication to a federal law enforcement officer of information relating to the commission or possible commission of a federal offense. That is, the Defendant is charged with knowingly and intentionally misleading R.V. in connection with use of force against T.R. and A.N.

To find the Defendant guilty of violating 18 U.S.C. § 1512(b)(3), the United States must prove each one of the following elements beyond a reasonable doubt:

| | |
|---|---|
| Element One: | That the Defendant knowingly corruptly persuaded another person, that is, R.V., or attempted to do so; |
| Element Two: | That the Defendant acted with the intent to hinder, delay, or prevent the communication of information, and that it is reasonably likely that at least one relevant communication of information would have been made to a federal law enforcement officer or federal judge; and |
| Element Three: | That the information related to the commission or the possible commission of a federal offense. |

Authority:

18 U.S.C. § 1512(b)(3)

Arthur Andersen LLP v. United States, 544 U.S. 696, 704-05 (2005) (interpreting "corrupt persuasion")

United States v. Veal, 153 F.3d 1233, 1253 (11th Cir. 1998).

Fowler v. United States, 131 S. Ct. 2045, 2049 (2011).

United States v. Khatami, 280 F.3d 907, 911-12 (9th Cir. 2002)

**PROPOSED JURY INSTRUCTION NO.  20:**
**TAMPERING WITH A WITNESS---**
**ELEMENT ONE:  KNOWINGLY**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that her acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

To corruptly persuade someone means to persuade with consciousness of wrongdoing.

A defendant has "attempted" to corruptly persuade someone if he intended to corruptly persuade someone and did an act consisting of a substantial step toward doing so in a manner that demonstrated his intent.

Authority:

Model Jury Instructions for the Ninth Circuit, § 5.6 (2010) (Knowingly).

Model Jury Instructions for the Ninth Circuit, § 5.3 (2010) (Attempt).

Arthur Andersen LLP v. United States, 544 U.S. 696, 704-05 (2005) (interpreting "corrupt persuasion")

United States v. Khatami, 280 F.3d 907, 911-12 (9th Cir. 2002) ("one who attempts to 'corruptly persuade' another is, given the pejorative plain meaning of the root adjective 'corrupt,' motivated by an inappropriate or improper purpose to convince another to engage in a course of behavior—such as impeding an ongoing criminal investigation").

**PROPOSED JURY INSTRUCTION NO. 21:**
**TAMPERING WITH A WITNESS---ELMENT TWO:**
**INTENT TO HINDER, DELAY, OR PREVENT**

Intent is a state of mind, which can often be proven by circumstantial evidence. Ordinarily, a defendant's state of mind cannot be proven directly because no one can read another person's mind and tell what that person is thinking. But a defendant's state of mind can still be proven indirectly from the surrounding circumstances.

In this case, in determining whether the defendant intended "to hinder, delay, or prevent" a communication of information about the commission or possible commission of a federal crime, you may consider a variety of circumstances, including: statements by the defendant; the nature of the underlying offense; the nature of the defendant's conduct during the offense; any conduct by the defendant subsequent to the offense which was performed to cover up the offense; and any other circumstances you deem reliable in determining whether the United States has proven beyond a reasonable doubt that the defendant acted with the required intent. You are not required to give particular weight to any or all of these circumstances. Rather, you should consider all the evidence and give each piece of evidence such weight as in your judgment it is fairly entitled to receive.

Authority:

18 U.S.C. § 1512(b)(3)

United States v. Shively, 927 F.2d 804, 811 (5th Cir. 1991) (holding that intent in the context of a § 1512(b) claim may and must generally be proven circumstantially and that the government need not prove that the defendant succeeded in blocking the transfer of information).

United States v. Maggitt, 784 F.2d 590, 593 (5th Cir. 1986) (same).

United States v. Kelly, 527 F.2d 961, 964-66 (9th Cir. 1976) (intent can be established through circumstantial evidence).

**PROPOSED JURY INSTRUCTION NO. 22:**
**TAMPERING WITH A WITNESS—ELEMENT TWO:**
**REASONABLE LIKELIHOOD OF COMMUNICATION OF**
**INFORMATION TO FEDERAL LAW ENFORCEMENT**

This element may be proven by evidence establishing that the Defendant acted with the purpose of preventing the transfer of information to law enforcement officers or courts generally, and that there is a reasonable likelihood that at least one relevant communication of information would have been to a federal law enforcement officer or judge. I instruct you that FBI agents are federal law enforcement officers within the meaning of the statute.

The United States need not prove that the Defendant knew that a federal investigation would ensue. Nor must the United States prove that there was any actual delay or withholding of information from federal authorities. The United States also is not required to establish that the Defendant intended to keep information from a specific federal law enforcement officer or a specific federal judge, or that the Defendant knew that the persons from whom he intended to conceal information were federal law enforcement officers or judges.


Authority:

Fowler v. United States, 131 S. Ct. 2045, 2052 (2011) ("We consequently hold that (in a [1512] case such as this one where the defendant does not have particular federal law enforcement officers in mind) the Government must show a *reasonable likelihood* that, had, *e.g.*, the victim communicated with law enforcement officers, at least one relevant communication would have been made to a federal law enforcement officer.").

United States v. Smith, 723 F.3d 510, 518 (4th Cir. 2013) ("Properly understood, therefore, the 'reasonable likelihood' standard in Fowler requires that the government establish the federal nexus by presenting evidence showing that a communication with a federal officer was more than a possibility but less than a probability, so long as the chance of the communication was not remote, outlandish, or simply hypothetical.").

18 U.S.C. § 1512(f)(1) ("[A]n official proceeding need not be pending or about to be instituted at the time of the offense").

18 U.S.C. § 1512(g)(2) ("[N]o state of mind need be proved with respect to the circumstance that the judge is a judge of the United States or that the law enforcement officer is an officer or employee of the Federal Government . . . .").

18 U.S.C. § 1515(a)(4) (defining "law enforcement officer").

United States v. Perry, 335 F.3d 316, 321 (4th Cir. 2003) (Government need not show that defendant knew that persons from whom he intended to keep truthful information were federal authorities, only that they were; Section 1512(b)(3) requires simply that the defendant had to have the intent to influence a potential investigation that happened to be federal; Evidence was sufficient to convict because, by showing that defendant, a convicted felon, provided false identity information to state law enforcement officers and asked them to "get rid of the gun," it proved that he acted "with the intent to prevent [them] from communicating his true identity to those who might investigate the firearms offenses," which is all that Section 1512(b)(3) requires.).

United States v. Carson, 560 F.3d 566, 580 (6th Cir. 2009) (rejecting argument that because misleading report was prepared six months before beginning of federal investigation there was no proof that the defendant had the requisite intent and holding that when the government was able to establish that police officers in Michigan receive training regarding the consequences of the use of excessive force, a reasonable jury could conclude that [the defendant] knew that writing a misleading report to cover up the use of excessive force might result in a federal investigation).

United States v. Guadalupe, 402 F.3d 409, 412-13 (3d Cir. 2005) (Government must show that the defendant intended to influence an investigation that later became federal.).

United States v. Kloess, 251 F.3d, 941, 948 (11th Cir. 2001) (Defendant must knowingly act with specific intent to hinder, delay, or prevent communication.).

United States v. Baldyga, 233 F.3d 674, 680-81 (1st Cir. 2000) (This element does not require defendant to know whether the person whom he threatens (or misleads) may in fact communicate with authorities who happen to be federal, only that he intends to prevent any such communication.).

United States v. Diaz, 176 F.3d 52, 90 (2d Cir. 1999) (finding federal jurisdictional element satisfied where defendant intended to prevent witness from communicating with local authorities and in fact federal and local authorities together were investigating defendant's activities).

United States v. Stansfield, 171 F.3d 806, 816 (3d Cir. 1999) (At least one of the law enforcement - officer communications which the defendant sought to prevent would have been with a federal officer, but the government is not obligated to prove that the defendant knew or intended anything with respect to this federal involvement.).

United States v. Applewhaite, 195 F.3d 679, 686-87 (3d Cir. 1999) (Government must prove that defendants had intent to influence investigation that happened to be federal, not that defendants had particular state of mind with respect to federal character of proceeding or officer.).

44

**PROPOSED JURY INSTRUCTION NO.  23:**
**TAMPERING WITH A WITNESS--ELEMENT THREE:**
**COMMISSION OR POSSIBLE COMMISSION**
**OF A FEDERAL OFFENSE**

I instruct you that the alleged assaults on T.R. and A.N. by the Defendant do in fact constitute possible federal offenses.  The United States need not prove that the Defendant knew that the alleged assault was federal in nature.

The United States must prove that the information the Defendant intended to prevent, hinder, or delay related to the commission or possible commission of a federal offense.  Because the statute explicitly refers to the *possible* commission of a federal offense, the United States need not prove that any person was actually guilty of any underlying federal offense.

Authority:

18 U.S.C. § 1512(g)

United States v. Cobb, 905 F.2d 784, 790 (4th Cir. 1990) ("Section 1512(b)(3) makes criminal the knowing use or attempted use of corrupt means to hinder the communication of information 'relating to the commission or *possible* commission of a Federal offense.'  Thus, the plain language of the statute makes clear that, as a general rule, proof of an actual commission of a federal offense is not a necessary prerequisite to, or an essential element of, the crime of obstruction of justice.").

United States v. Causey, 185 F.3d 407, 421 (5th Cir. 1999) ("Prosecution under § 1512 is not limited to defendants who are guilty of the underlying federal offense which the victim reported or was expected to report.").

**PROPOSED JURY INSTRCTION N0. 24:**
**THE STATTUE DEFINING THE OFFENSE CHARGED--**
**18 U.S.C. § 1519 (FALSIFYING A RECORD)**

The Defendant is charged in Counts Four and Five of the Indictment with violating Section 1519 of Title 18 of the United States Code.  That statute, in relevant part, makes it a crime for anyone to knowingly make a false entry in any record or document with the intent to impede, obstruct, or influence the investigation or proper administration of any matter or case within the jurisdiction of any agency of the United States or in contemplation of such matter or case.

In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

Element One:     The Defendant knowingly falsified a record or document; and

Element Two:     The Defendant acted with the intent to impede, obstruct or influence an actual or contemplated investigation of a matter within the jurisdiction of any department or agency of the United States.

Authority:

18 U.S.C. § 1519

Ninth Circuit Manual of Model Jury Instructions, Criminal, § 8.131A (2010 Edition)

1
2

**PROPOSED JURY INSTRUCTION NO. 25:**
**FALSIFYING A RECORD--ELEMENT ONE:**
**FALSE ENTRY IN RECORD OR DOCUMENT**

3      The first element that the Government must prove as to Counts Four and Five is that the

4  Defendant made a false entry in a record or document.  In Count 4, the Government charges that the

5  Defendant made a false entry into an official incident report.  In Count 5, the Government charges

6  that the Defendant made a false entry into an official use of force report.  A defendant falsifies a

7  document by knowingly including within the document an untrue statement or representation or by

8  knowingly omitting from the document any material fact.

9      The Government must prove that the Defendant acted knowingly in falsifying the document.

10  An act is done knowingly if the Defendant is aware of the act and does not act through ignorance,

11  mistake, or accident. The Government is not required to prove that the Defendant knew that his acts

12  or omissions were unlawful. You may consider evidence of the Defendant's words, acts, or

13  omissions, along with all the other evidence, in deciding whether the Defendant acted knowingly.

14

15  Authority:

16

17  18 U.S.C. § 1001

18  Pattern Crim. Jury Instr. 9th Cir. 8.66 (2010) (False Statement to Government Agency)

19  Pattern Crim. Jury Instr. 9th Cir. 5.6 (2010) (Knowingly – Defined)

20  United States v. Jackson, 186 Fed. Appx. 736, 2006 WL 1737193 (9th Cir. Jun. 20, 2006) (mem.)
21  (unpublished) (affirming conviction under §1519 where defendant omitted confession from official
   investigation report)

22  United States v. Stoddard, 150 F.3d 1140, 1145 (9th Cir. 1998) (affirming conviction under 18
   U.S.C. § 1001 where defendant argued the alleged false entry was not literally false)

23  United States v. Hunt, 526 F.3d 739, 743 (11th Cir. 2008) ("A person of ordinary intelligence would
24  understand a police report to be a 'record' or 'document' . . . .")

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

United States  v. Youssef, 547 F.3d 1090, 1094 (9th Cir. 2008) ("Congress has expressly used the word 'material' in other provisions that criminalize the making of false statements, such as 18 U.S.C. § 1001(a). Congress's omission of 'material' from § 1015(a), combined with its inclusion of 'material' in a similar statutory provision (§ 1001(a)), is evidence of Congress's expressed intent not to impose a materiality requirement in § 1015(a).") (citations and footnote omitted).

United States v. Hooks, No. 06-20223-B, 2007 WL 2572205, at *2 (W.D. Tenn. Aug. 31, 2007) (unpublished) (noting that materiality is not an element of § 1519)

**PROPOSED JURY INSTRUCTION NO. 26:**
**FALSIFYING A RECORD--ELEMENT TWO:**
**INTENT TO IMPEDE AN INVESTIGATION**

The second element that the Government must prove is that the Defendant acted with the intent to impede, obstruct, or influence the investigation or proper administration of a matter within the jurisdiction of any department or agency of the United States.

The Government is not required to prove that an investigation was ongoing or imminent at the time the Defendant acted, or that the Defendant's conduct actually impeded, obstructed, or influenced any investigation into the matter. What is essential is that the Government prove that, when making a false entry in his document, the Defendant acted with the intent to impede, obstruct, or influence any ongoing or future investigation into those matters that were contained in that memorandum.

I now instruct you that the Federal Bureau of Investigation and the Department of Justice are are departments or agencies of the United States. These departments and agencies have jurisdiction and authority to investigate allegations that police officers have violated an individual's constitutional rights. It is for you to determine whether the reports in which the Defendant is charged with making false entries are related to a matter within the jurisdiction of these departments or agencies.


Authority:

28 U.S.C. § 533 (authorizing the attorney general to appoint officials to detect and prosecute crimes against the United States)

18 U.S.C. § 3052 (authorizing special agents and officials of the FBI to make arrests, carry firearms, and serve warrants in federal criminal matters)

18 U.S.C. § 1519

1
2
3
4

Senate Report No. 107-146, at 14-15 (May 6, 2002), 2002 WL 863249 (explaining that "Section 1519 is meant to apply broadly"; 1519 "is specifically meant not to include any technical requirement, which some courts have read into other obstruction of justice statues, to tie the obstructive conduct to a pending or imminent proceeding or matter; "Destroying or falsifying documents to obstruct . . . investigations, which in fact are proved to be within the jurisdiction of any federal agency, are covered by this statute")

5
6

Legislative History of Title VIII of H.R. 2673, The Sarbanes-Oxley Act of 2002, 107th Cong. 419 (2002) (Statement of Sen. Patrick Leahy) ("The fact that a matter is within the jurisdiction of a federal agency is intended to be a jurisdictional matter, and not in any way linked to the intent of the defendant.")

7
8

United States v. Kun Yun Jho, 465 F. Supp.2d 618, 635-36 (E.D. Tex. 2006) (explaining that "Section 1519 was drafted in order to avoid the requirement that the defendant know about the proceeding against him"), rev'd on other grounds, 534 F.3d 398 (5th Cir. 2008).

9
10
11

United States v. Ionia Management S.A., 526 F. Supp. 2d 319, (D. Conn. 2007) (recognizing that in comparison to other obstruction statutes § 1519 by its terms does not require the defendant to be aware of a federal proceeding, or even that a proceeding be pending), aff'd by, 555 F.3d 303 (2d Cir. 2009)

12
13
14
15
16
17
18
19
20
21
22
23
24

1
2

**<u>PROPOSED JURY INSTRUCTION NO.  27:</u>**
**<u>"ON OR ABOUT" DEFINED</u>**

3

The Indictment charges that the offense alleged was committed "on or about" a certain date.

4

Although it is necessary for the Government to prove beyond a reasonable doubt that the offense

5

was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for

6

the Government to prove the offense was committed precisely on the date charged.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**PROPOSED JURY INSTRUCTION NO. 28:**
**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:

*Ninth Circuit Manual of Model Jury Instructions*, Criminal § 7.1 (2010 Edition)

**PROPOSED JURY INSTRUCTION NO. 29:**
**CONSIDERATION OF EVIDENCE**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the Court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the Court immediately.

Authority:

Ninth Circuit Manual of Model Jury Instructions, Criminal § 7.2 (2010 Edition)

**PROPOSED JURY INSTRUCTION NO.  30:**
**USE OF NOTES**

       Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes or those of your fellow jurors.

Authority:

Ninth Circuit Manual of Model Jury Instructions, Criminal § 7.3 (2010 Edition)

54

**PROPOSED JURY INSTRUCTION NO. 31:**
**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the Court to decide. You may not consider punishment in deciding whether the Government has proved its case against the Defendant beyond a reasonable doubt.

Authority:

Ninth Circuit Manual of Model Jury Instructions, Criminal § 7.4 (2010 Edition)

1
2

### PROPOSED JURY INSTRUCTION NO.  32:
### VERDICT FORM

3
4
5

     A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.

6
7
8
9
10

Authority:

11

Ninth Circuit Manual of Model Jury Instructions, Criminal § 7.5 (2010 Edition)

12
13
14
15
16
17
18
19
20
21
22
23
24

1

2

## PROPOSED JURY INSTRUCTION NO.  33:
## COMMUNICATION WITH COURT

3

      If it becomes necessary during your deliberations to communicate with me, you may send a

4

note through the bailiff, signed by your foreperson or by one or more members of the jury.  No

5

member of the jury should ever attempt to communicate with me except by a signed writing, and I

6

will respond to the jury concerning the case only in writing, or here in open court.  If you send out a

7

question, I will consult with the lawyers before answering it, which may take some time.  You may

8

continue your deliberations while waiting for the answer to any question.  Remember that you are

9

not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of

10

the guilt of the Defendant, until after you have reached a unanimous verdict or have been

11

discharged.

12

13

14

15

16

17

18

19

20

21

22

Authority:

23

Ninth Circuit Manual of Model Jury Instructions, Criminal § 7.6 (2010 Edition)

24

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 2:16-CR-153-JAD-CWH ) |
| | ) **VERDICT** |
| JAMES LESCINSKY, | ) |
| Defendant. | ) ) ) |
| _____ | ) |

## COUNT 1

We the jury in the above-titled case, upon our oaths, do say that we find the Defendant, **JAMES LESCINSKY**:

    (Check one:)      ☐ Guilty      ☐ Not Guilty

of the offense of **Deprivation of Rights Under Color of Law** as charged in Count 1 of the Indictment.

If the answer to the above is Guilty, we further find that find the Defendant, **JAMES LESCINSKY**:

    (Check one:)      ☐ Did      ☐ Did Not

use or attempt to use a dangerous weapon in the commission of this offense.

If the answer to the above is Guilty, we further find that find the offense

    (Check one:)      ☐ Did      ☐ Did Not

result in bodily injury to T.R.

1

### COUNT 2

2

We the jury in the above-titled case, upon our oaths, do say that we find the Defendant, **JAMES**

3

**LESCINSKY**:

4

    (Check one:)            ☐ Guilty           ☐ Not Guilty

5

of the offense of **Depravation of Rights Under Color of Law** as charged in Count 2 of the

6

Indictment.

7

8

If the answer to the above is Guilty, we further find that find the Defendant, **JAMES LESCINSKY**:
    (Check one:)            ☐ Did           ☐ Did Not

9

use or attempt to use a dangerous weapon in the commission of this offense.

10

11

If the answer to the above is Guilty, we further find that find the offense

12

    (Check one:)            ☐ Did           ☐ Did Not

13

result in bodily injury to A.N.

### COUNT 3

14

15

We the jury in the above-titled case, upon our oaths, do say that we find the Defendant, **JAMES**

16

**LESCINSKY**:

17

    (Check one:)            ☐ Guilty           ☐ Not Guilty

of the offense of **Tampering With a Witness** as charged in Count 3 of the Indictment.

18

19

### COUNT 4

20

We the jury in the above-titled case, upon our oaths, do say that we find the Defendant, **JAMES**

21

**LESCINSKY**:

22

    (Check one:)            ☐ Guilty           ☐ Not Guilty

23

of the offense of **Falsification of a Document** as charged in Count 4 of the Indictment.

24

## **COUNT 5**

We the jury in the above-titled case, upon our oaths, do say that we find the Defendant, **JAMES LESCINSKY**:

  (Check one:)    □ Guilty    □ Not Guilty

of the offense of **Falsification of a Document** as charged in Count 5 of the Indictment.


   DATED: _____, 2016.


            _____
            JURY  FOREPERSON

1

2

## **ADDITIONAL INSTRUCTIONS BEFORE TRIAL**

3

Due to the potential issues that may arise during a trial, leave is respectfully requested to

4

include such other additional instructions as the Government deems appropriate during the course of

5

the trial.

6

DATED this 18th day of July, 2016.

7

8

Respectfully submitted,

9

10

VANITA GUPTA
Principal Deputy Assistant Attorney General
Civil Rights Division

11

12

/s/ Dana Mulhauser_____
ADAM D. HARRIS

13

DANA MULHAUSER
Trial Attorneys

14

601 D Street NW, 5th Floor
Washington, D.C. 20530

15

202-305-0007

16

17

18

19

20

21

22

23

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

# **CERTIFICATE OF SERVICE**

I, Dana Mulhauser, Trial Attorney for the U.S. Department of Justice, Civil Rights Division, hereby certify that I electronically filed the foregoing **Government Proposed Jury Instructions** with the Clerk of the Court using the ECF system which sent notification of such filing to:

Jack D. Campbell
Counsel for Defendant James Lescinsky

This the 18th day of July, 2016.

By:      /s/ Dana Mulhauser_____
Dana Mulhauser
Trial Attorney
U.S. Department of Justice
Civil Rights Division
601 D Street, NW
Washington, DC 20530
(202) 616-5337
Adam.Harris@usdoj.gov